NO. 30099

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEVEN B. SONGSTAD, Respondent.

_____

ORIGINAL PROCEEDING
(ODC 06-088-8428, 08-008-8651, 08-030-8673,
09-043-8766, 09-044-8767, 09-045-8768, 09-079-8802,
09-083-8806, 09-101-8824, 10-004-8838, 10-005-8839,
10-035-8869, 10-037-8871, 11-028-8952)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Pollack, JJ.,
and Intermediate Court of Appeals Associate Judge Reifurth,
assigned by reason of vacancy)

Upon consideration of the record in this matter, particularly the March 31, 2014 and August 4, 2014 submissions by the Office of Disciplinary Counsel (ODC), the May 6, 2014 declaration submitted by Respondent Songstad, and the May 21, 2014 stipulated agreement signed by both parties, and upon review of Rule 2.20(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), it appears uncontested that the funds held in Respondent Songstad's personal checking account at Bank of

Hawai'i, ending in x8063, are not funds deposited in trust for clients but, rather, the property of Respondent Songstad, subject to a subrogated claim for reimbursement from the Lawyers' Fund for Client Protection (hereinafter, "the Fund"). It further appears that Respondent Songstad has admitted his debt to the Fund and has declared, under penalty of perjury, his intention to repay said debt, following a proper accounting to determine the precise amount due. It further appears that RSCH Rules 2.20(c)(2)(ii), (iii) and (iv) do not authorize this court to order Bank of Hawai'i to issue a check payable to the Fund from an account containing Songstad's private assets, as requested by ODC in its March 31, 2014 and August 4, 2014, motions. It is not, however, necessary to reach that question, in light of the stipulated settlement of the parties, their apparent willingness to settle the matter voluntarily, and the powers ultimately available to the Fund, under RSCH Rules 10.4(i) and 10.7, to obtain the funds in question. Therefore,

IT IS HEREBY ORDERED that this court approves the substance of the stipulated agreement, pursuant to which (1) the Office of Disciplinary Counsel has agreed to remove the hold placed on the Bank of Hawai'i account ending in x8063, (2) Respondent Songstad has committed to voluntarily draft a check to the Fund for the stipulated amount of $2,700.00 and to transmit said check forthwith to Charlene Norris in her capacity as Acting

2

Administrator of the Fund, (3) Respondent Songstad has further committed to reimburse the Fund the remaining $5,080.69 in the time fixed by the stipulated agreement, and (4) ODC has committed to timely reporting all said payments to this court.

IT IS FURTHER ORDERED that ODC's motion is denied in all other respects, without prejudice to the Fund pursuing legal action to obtain the funds in question, as authorized by RSCH Rules 10.4(i) and 10.7, should Respondent Songstad fail to honor the stipulated agreement.

DATED:  Honolulu, Hawai'i, September 15, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Lawrence M. Reifurth



3